UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-451-JBC

DONNA NOLAN,                                                            PLAINTIFF,

V.              <u>MEMORANDUM OPINION AND ORDER</u>

JOHN VAN NAGELL, M.D., ET AL.,                          DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the United States' notice of substitution and its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion and remand this case to Fayette Circuit Court.

**Facts and Procedural History**

The plaintiff originally filed this action in Fayette Circuit Court alleging that the defendants committed common-law torts while providing the plaintiff medical care at the University of Kentucky Chandler Medical Center ("UKCMC"). One of these defendants, Nishan H. Chobanian, was an Air Force physician, completing a three-year fellowship at UKCMC. This fellowship was concurrent with his official Air Force duties. Pursuant to 28 C.F.R. § 15.3, the United States Attorney for the Eastern District of Kentucky certified that Dr. Chobanian was acting within the scope of his employment as an employee of the United States when the tort was allegedly committed. The matter was removed to this court pursuant to 28 U.S.C. §§ 1446 and 2679(d)(2).

**Standard of Review**

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton Industries, Inc.*, 798 F. 2d 913, 915 (6th Cir. 1986). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavit. *Nichols v. Muskingum College*, 318 F. 3d 674, 677 (6th Cir. 2003).

**Notice of Substitution**

When the United States Attorney General, or his designee, certifies that a putative tortfeasor was acting within the scope of his employment as an employee of the United States, the United States is substituted as a party as a matter of law. 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3. In this case, an appropriate certification was filed. Therefore, the United States is substituted as a defendant in place of Nishan Chobanian.

**Motion to Dismiss**

Under the doctrine of sovereign immunity, the United States of America cannot be sued without its consent. The terms of that consent define a federal court's jurisdiction to hear a suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974). The exclusive remedy against a government employee-tortfeasor is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. This act requires a plaintiff to exhaust her administrative

remedies prior to filing suit. 28 U.S.C. § 2675(a). The exhaustion of administrative remedies is a jurisdictional prerequisite to filing a claim in the courts: no suit may be maintained under the Federal Tort Claims Act absent compliance. *Executive Jet Aviation*, 507 F.2d at 514-15. In this case, however, the plaintiff failed to exhaust her administrative remedies prior to filing suit. Therefore, all claims against the United States must be dismissed for want of jurisdiction.

Having dismissed the United States as a party to this case, the court no longer has subject matter jurisdiction over the controversy. Therefore, it must remand this case to Fayette Circuit Court. Accordingly,

**IT IS ORDERED** that the United States is **SUBSTITUTED** as a party to this case in place of Nishan H. Chobanian.

**IT IS FURTHER ORDERED** that the United States' motion to dismiss (DE 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to Fayette Circuit Court and **STRICKEN** from this court's docket.

Signed on December 12, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY